UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES

V.                                    CR NO. 04-1732-CBS

RICARDO ESTRADA

DEFENDANT'S MOTION TO DISMISS COMPLAINT WITH INCORPORATED MEMORANDUM OF LAW

Defendant Ricardo Estrada, by his attorney, moves pursuant to 18 U.S.C §3162(a)(1) that this Court dismiss the above captioned complaint.

As reasons therefor defendant submits that:

1. On May 1, 2004 the defendant was arrested;

2. On May 3, 2004 the above complaint was issued and he made his initial appearance before the Court;

3. Proceedings were continued and a probable cause and detention hearing was conducted on May 24, 2004;

4. On June 4, 2004 the Court issued its memorandum of probable cause and detention;

5. On July 20, 2004 the government filed an assented to motion to exclude the period July 21, 2004 through August 26, 2004;

6. Government counsel requested, and defense counsel agreed to, an additional week until September 1, 2004 to obtain indictment;

7. By any calculation, more than thirty days of non-excludable time have elaspsed

without indictment.

The Speedy Trial Act, 18 U.S.C. §3161, et. seq., is the statutory implementation of the defendant's constitutional right to prompt indictment and speedy trial. Section 3161(b) requires that: "Any information or indictment charging an individual with the commission of an offense *shall* be filed within thirty days from the date on which such individual was arrested ..."

The statute contemplates exclusion of certain periods of time from the thirty day time for indictment (§3161(h)).

The government has, in part, sought additional time to indict in order to accommodate its intent to join this defendant in a multi-defendant indictment. While §3161(h)(7) may apply to exclusionary periods in multi-defendant cases, it only applies post indictment and does not extend the thirty day deadline for filing an indictment post arrest and finding of probable cause.

The government has caused, at minimum, the period June 4, 2004 through July 21, 2004 and again September 1, 2004 to date, to be nonexcludable periods within the Speedy Trial Act calculus. There is no way for this Court to calculate otherwise.

The government's failure to obtain an indictment within thirty days of nonexcludable time is a violation of 18 U.S.C. §3161(b) and requires that this Court dismiss the complaint per 18 U.S.C. §3162(a)(1).

The Court may determine whether the now statutorily mandated dismissal be with or without prejudice.

WHEREFORE, the defendant requests that this Court forthwith order the above complaint be dismissed.

RICARDO ESTRADA<br>
By his attorney,

/s/ Elliot M. Weinstein  
Elliot M. Weinstein  
BBO #520400  
228 Lewis Wharf  
Boston, MA 02110  
617-367-9334  

CERTIFICATE OF SERVICE

    I certify that I have served a copy of the above on Robert Peabody, AUSA.

_____  
Elliot M. Weinstein